IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CURTIS MORRIS                                                                                               PLAINTIFF
ADC #108640

V.                                     NO: 5:07CV00131 SWW/HDY

LARRY NORRIS *et al.*                                                                                  DEFENDANTS

## FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Wrightsville Unit of the Arkansas Department of Correction, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on June 1, 2007. Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a pre-jury evidentiary hearing on May 29, 2008, to determine whether the case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-252 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.      Although Plaintiff is now housed at the Wrightsville Unit, the events giving rise to this claim occurred while Plaintiff was housed at the Tucker Unit.

2.      Plaintiff asserts that his constitutional rights were violated by his removal from the therapeutic community ("T.C.") program in January of 2007.  Plaintiff was removed from the program after his January 18, 2007, conviction of disciplinary charges for creating unnecessary noise, insolence to a staff member, and using abusive or offensive language.  Plaintiff asserts that completion of the program is a stipulation of his parole, and his removal from the program has prevented his release.

3.      Plaintiff has named three Defendants: James Lamb, T.C. program coordinator; Marvin Evans, Tucker warden; and Obadiah Davis, a Tucker program leader.

4.      Although Plaintiff asserts that his removal from the program exhibited deliberate indifference, and cruel and unusual punishment on the part of Defendants, the facts alleged by Plaintiff do not support such claims against any Defendant.  Rather, Plaintiff's allegations are more appropriately characterized as a due process challenge to his removal from the T.C. program, and his inability to be paroled.  However, it is uncontradicted that Plaintiff was removed from the program after his disciplinary conviction on January 18, 2007.  Although Plaintiff may not agree with the charges, he agreed that he was given a hearing, and an opportunity to present his side of the events, before he was convicted.  Thus, Plaintiff received due process before the convictions, and his removal from the program cannot be considered a constitutional violation. Additionally, Plaintiff has no fundamental right to parole, *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); and nothing in the Arkansas statutes creates a right of an inmate to be released on parole.  *Robinson v. Mabry*, 476 F.Supp. 1022, 1023 (E.D. Ark. 1979).  Nothing in

the facts presented by Plaintiff presents any other issue of constitutional import.[1]  Thus, Plaintiff has not produced sufficient facts to proceed to a jury trial with his claims against any Defendant.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   2   day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff did allege that certain other inmates were allowed to continue in the T.C. program, despite committing more serious disciplinary violations than he did.  However, Plaintiff offered no testimony to indicate that any difference in treatment was motivated by a constitutionally impermissible reason.  *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim).